## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL A. LEE,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:21-cv-952** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **H. QUAY,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

On May 26, 2021, *pro se* Petitioner Michael A. Lee ("Petitioner"), who is currently incarcerated at the United States Penitentiary Canaan ("USP Canaan") in Waymart, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioner challenges the decision of a Disciplinary Hearing Officer ("DHO") who found him guilty of a violation of Code 208: destroying, altering, interfering with, improperly using, or damaging any security device, mechanism, or procedure.  (*Id.*)  Petitioner paid the requisite filing fee on June 10, 2021.  (Doc. No. 7.)  Following an Order to show cause (Doc. No. 8) and an extension of time (Doc. Nos. 13, 14), Respondent filed a suggestion of mootness, arguing that Petitioner's petition is moot because the incident report in question has been expunged from his record (Doc. No. 16).

After receiving an extension of time to do so (Doc. Nos. 17, 18), Petitioner filed his traverse on August 17, 2021 (Doc. No. 19).  Petitioner has also filed a "motion to voluntarily dismiss/withdraw ground four without prejudice." (Doc. No.

10.)  In an Order dated August 17, 2021, the Court directed Respondent to file a response addressing Petitioner's traverse within seven (7) days.  (Doc. No. 20.) After receiving an extension of time to do so (Doc. Nos. 21, 22), Respondent filed his response on September 7, 2021 (Doc. No. 24).  Petitioner's § 2241 petition is, therefore, ripe for disposition.

## I.    BACKGROUND

On March 20, 2002, the United States District Court for the Eastern District of North Carolina sentenced Petitioner to a total of 420 months' imprisonment for one count of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of crack, and one count of use of a firearm during and in relation to a drug trafficking crime.  (Doc. No. 24-1 at 2.)  Specifically, the court sentenced Petitioner to 360 months on the first count and a consecutive 60-month term on the firearm count.  (*Id.*)  On September 10, 2009, the court issued an Order granting Petitioner a sentence reduction, reducing Petitioner's 360 months to 324 months.  (*Id.* at 3.)  Petitioner's consecutive 60-month term remained the same.  (*Id.*)

On May 27, 2014, the court issued a second amended judgment further reducing Petitioner's 324 months to 262 months.  (*Id.* at 3.)  Petitioner's consecutive 60-month sentence remained the same.  (*Id.*)  The court stated that "[i]f the amount of time the defendant has already served exceeds this sentence, the sentence is

reduced to a 'Time Served' sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant." (*Id.* at 21.)   On September 23, 2020, the court again reduced Petitioner's sentence, reducing his 262 months to 202 months. (*Id.* at 23.)   Petitioner's 60-month consecutive sentence remained the same. (*Id.*)   The court noted that Petitioner's total sentence was 262 months, and that "[i]f the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a 'Time Served' sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant." (*Id.*)

On April 30, 2020, while incarcerated at FCI Berlin, Petitioner appeared before the DHO on a charge that he had violated Code 208: destroying, altering, interfering with, improperly using, or damaging any security device, mechanism, or procedure. (Doc. No. 1-1 at 8.)   The DHO found Petitioner guilty of the offense and imposed the following sanctions: (1) disallowance of 27 days of good conduct time ("GCT"); (2) forfeiture of 27 days of non-vested GCT; and (3) loss of email privileges for four (4) months. (*Id.* at 9-10.)

In his § 2241 petition, Petitioner asserts that his Fifth Amendment due process rights were violated for the following reasons: (1) the DHO and staff representative refused to call another staff member as a witness despite Petitioner's request that they do so; (2) the DHO falsely stated that the staff witness elected not to comment;

and (3) the DHO found him guilty of a non-existent offense.  (Doc. No. 1 at 6-7.) Petitioner also raises a fourth claim for relief, arguing that he received a sentence reduction on September 24, 2020 and that he has served all time on his one sentence. (*Id.* at 8.)  He avers that when the Bureau of Prisons ("BOP") recalculated his GCT losses, they improperly calculated his sentence by applying such losses to the sentence that was already completed.  (*Id.*)  As relief, Petitioner seeks expungement of this Incident Report and restoration of his GCT.  (*Id.*)  He also seeks recalculation of his GCT losses after April 2016 and requests that such recalculation be applied to his consecutive sentence under 18 U.S.C. § 924(c).  (*Id.*)

Petitioner has also filed a "motion to voluntarily dismiss/withdraw ground four without prejudice."  (Doc. No. 10.)  Petitioner seeks to withdraw his fourth ground for relief, regarding his sentence calculation, without prejudice to his right to refile it once he has exhausted his administrative remedies.  (*Id.*)  However, Petitioner asserts his sentencing calculation argument in his traverse (Doc. No. 19), and Respondent has addressed it (Doc. No. 24).  The Court, therefore, will address his argument below and deny his "motion to voluntarily dismiss/withdraw ground four without prejudice" (Doc. No. 10) as moot.

## II.   DISCUSSION

### A.   Petitioner's Due Process Challenge to Incident Report #3381615

The case or controversy requirement of Article III requires that parties continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, a case should be dismissed as moot where "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

The exhibits attached to Respondent's response indicate that on June 23, 2021, the incident report in question, Incident Report #3381615, was expunged from Petitioner's disciplinary record. (Doc. No. 16-1 at 3; Doc. No. 24-1 at 40-42.) A review of Petitioner's disciplinary record, which Respondent has included, indicates that this report no longer appears therein. (Doc. No. 16-1 at 4-20; Doc. No. 24-1 at 40-42.) Moreover, the record indicates that Petitioner's GCT (54 days) will be restored and his sentence computation recalculated. (*Id.* at 3.) Because Petitioner has received the relief he seeks, his claims regarding this Incident Report are moot because no legal injury remains for this Court to remedy. *See Marine v. Quintana*,

347 F. App'x 736, 737 (3d Cir. 2009); *Randall v. Martinez*, No. 4:07-cv-2151, 2008 WL 275721, at *1 (M.D. Pa. Jan. 30, 2008).

### B.     Claim Regarding Sentence Calculation

In his § 2254 petition and traverse, Petitioner suggests that the BOP has miscalculated his sentence by taking disallowed GCT from a sentence that has already been final.  (Doc. Nos 1, 19.)  According to Petitioner, all disallowed GCT must be allowed to his only active sentence, which he asserts is the consecutive sentence for the firearms charge.  (*Id.*)  Petitioner believes that the BOP has forfeited at least 190 days of "GCT too many."  (Doc. No. 19 at 6.)

Consecutive "terms of imprisonment . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment."  *See* 18 U.S.C. § 3584(c). Thus, in Petitioner's case, the BOP "has aggregated [his] 202-month term and 60-month consecutive term as a single aggregate 262-month term of confinement." (Doc. No. 24 -1 at 31.)  Petitioner's sentence commenced on March 20, 2002.  (*Id.*) He received prior custody credit toward his sentence for the following periods of time: April 26, 200 through May 4, 2000; January 29, 2001 through January 30, 2001; July 3, 2001 through July 5, 2001: and September 20, 2001 through March 19, 2002.  (*Id.*)  His projected release date is April 5, 2022.  (*Id.* at 32.)

As noted above, Petitioner suggests that the BOP has forfeited too much GCT and that he is entitled to earlier release.  The award of GCT is

> subject to determination by the [BOP[ that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . [I] the BOP determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate.

18 U.S.C. § 3624(b)(1).  An inmate may receive up to 54 days of GCT "for each year of the prisoner's sentence imposed by the court."  *Id.*  "[A]ll earned GCT for the year, or years, preceding the current or final partial year, is available for forfeiture throughout service of the sentence.  Some or all GCT earned during the current or final partial year may be disallowed (not forfeited)."  (Doc. No. 24-1 at 37.)

Respondent maintains that Petitioner's "262-month term earns a total of 1,179 days of GCT credit, as provided by § 3624(b)."  (Doc. No. 24 at 5.)  The record, however, indicates that Petitioner has been subject to multiple disciplinary sanctions throughout the course of his imprisonment.  (Doc. No. 24-1 at 40-42.)  As a result, a total of 720 days of GCT have been disallowed and/or forfeited by the BOP.  (*Id.* at 44.)  Thus, Petitioner's current total earned and projected amount is 459 days of GCT credit.  (*Id.*)  With Petitioner's 262-month aggregate term commencing on March 20, 2002, and the application of 195 days of prior custody credit and projected earnings of 459 days of GCT, the BOP has correctly calculated Petitioner's projected release date to be April 5, 2022.  Given that the BOP has aggregated Petitioner's sentences for administrative purposes, Petitioner has provided nothing to suggest

that the BOP is applying any forfeited and/or disallowed GCT to a sentence that has already become final.  The Court, therefore, discerns no error with respect to the BOP's calculation of Petitioner's sentence, and Petitioner is not entitled to habeas relief with respect to this claim.

## III.   CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied.  His "motion to voluntarily dismiss/withdraw ground four without prejudice" (Doc. No. 10) will be denied as moot.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: September 8, 2021