IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. LEE, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-00952 |
| v. | : | |
| | : | (Judge Rambo) |
| H. QUAY, | : | |
|     Respondent | : | |

## MEMORANDUM

Pro se Petitioner Michael A. Lee ("Petitioner") commenced this habeas corpus action by filing a petition under 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons ("BOP") had incorrectly calculated his sentence and failed to restore the loss of his good conduct time ("GCT"). (Doc. No. 1.) After review of his assertions, the underlying record, and Respondent's opposition, the Court denied his § 2241 petition (Doc. Nos. 25, 26), as well as his subsequent motion for reconsideration (Doc. No. 29). Petitioner then filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. 34), seeking relief from the Court's Order denying his § 2241 petition. In his Rule 60(b) motion, Petitioner contends that he is still owed GCT, and he requests the Court to order the BOP to recalculate his sentence. (Id.) Since filing his Rule 60(b) motion, however, Petitioner has been released from incarceration. Thus, for the reasons that are set forth below, the Court will deny his Rule 60(b) motion as moot.

I.  BACKGROUND

On May 26, 2021, Petitioner, who was then incarcerated at United States Penitentiary Allenwood in White Deer, Pennsylvania, filed his § 2241 petition. (Doc. No. 1.)  He challenged a Disciplinary Hearing Officer's decision regarding Incident Report #3381615 ("Incident Report"), which caused Petitioner to lose GCT.  (Id.)  He also challenged the BOP's computation of his sentence on the basis that the BOP had incorrectly calculated his loss of GCT.  (Id.; Doc. No. 19.)

In a Memorandum and Order dated September 8, 2021, the Court denied his § 2241 petition.  (Doc. Nos. 25, 26.)  The Court found that Petitioner's challenge to the Incident Report was moot because the Incident Report had been expunged from his disciplinary record.  (Doc. No. 25 at 5-6 (stating that the exhibits in the record demonstrated that the Incident Report was expunged from Petitioner's disciplinary record on June 23, 2021, and that his GCT time would be restored and his sentence computation would be recalculated).)  The Court also rejected Petitioner's claim that the BOP had incorrectly calculated his sentence.  (Id. at 7-8 (discerning no error with respect to the BOP's calculation and finding that the BOP had correctly calculated Petitioner's projected release date of April 5, 2022).)

Petitioner then filed a motion for reconsideration, arguing that the BOP, the Respondent, and the Court "missed [his] whole argument." (Doc. No. 27 at 1.)  On September 22, 2021, the Court denied Petitioner's motion, concluding that he had

2

failed to meet the narrowly defined factors governing such motions for reconsideration. (Doc. No. 29 at 3 (stating, among other things, that Petitioner's motion did "not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice").) Instead, the Court found that Petitioner was simply reasserting his arguments about the BOP's calculation of his loss of GCT. (Id. at 3-4.)

On September 27, 2021, Petitioner filed a notice that he was appealing the Court's September 8, 2021 Order denying his § 2241 habeas petition. (Doc. No. 30.) Less than two (2) weeks later, Petitioner filed a notice that he was also appealing the Court's September 22, 2021 Order denying his motion for reconsideration. (Doc. No. 32.) On November 22, 2021, the United States Court of Appeals for the Third Circuit dismissed his case on appeal due to his "failure to timely prosecute insofar as [he] failed to pay the requisite filing fee[.]" (Doc. No. 33.)

Following the Third Circuit's dismissal, Petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the Court's September 8, 2021 Order denying his § 2241 petition. (Doc. No. 34.) Petitioner argues that he is still owed GCT because the BOP did not expunge the Incident Report or restore the sanctions associated with the Incident Report, as was

3

previously represented to the Court by Respondent. (Id. at 1-3.) As for relief, he requests the Court to order the BOP to "correctly calculate his sentence." (Id. at 3.)

After he filed his Rule 60(b) motion, Petitioner informed the Court that he was scheduled to be released from incarceration on April 5, 2022. (Doc. No. 39 at 1.) He also provided the Court with an updated address. (Id.) In an effort to confirm his release, the Court accessed the BOP's online inmate locator, which demonstrates that Petitioner has been released from BOP custody.[1]

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of

---

[1] Upon entering Petitioner's register number, 19864-056, into the BOP's online inmate locator system, https://www.bop.gov/inmateloc/, his status was returned as follows:

> MICHAEL ANTRANTR LEE
> Register Number: 19864-056
>
> ****
>
> Released On: 04/05/2022

4

the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. at 406 (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction" or sentence. See id. (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner'

5

amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that Petitioner's Rule 60(b) motion is challenging a sentence that has already been served and, as such, collateral consequences are not presumed. See Burkey, 556 F.3d at 148 ("Where . . . the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). Petitioner, however, has not stated, much less demonstrated to the Court, that he suffers from any secondary or collateral consequences.[2]  Thus, the Court finds that Petitioner is unable to evade the Court's determination that his Rule 60(b) motion is moot.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the Court will deny, as moot, Petitioner's Rule 60(b) motion. An appropriate Order follows.

s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

---

[2] On April 11, 2022, the Court directed the parties to file additional briefing, addressing, inter alia, the issue of mootness based upon Petitioner's projected release date of April 5, 2022. (Doc. No. 40.) As reflected by the Court's docket, neither party submitted such briefing.